```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


WORNER O. HEATH, JR.,            )
                                 )
          Plaintiff              )
                                 )
          v.                     ) CIVIL NO. 2:10 cv 175
                                 )
JAMES M. ISENEGGER, II; SWIFT    )
TRANSPORTATION SERVICES LLC aka  )
Swift Transportation Corporation;)
SWIFT TRANSPORTATION CO. ARIZONA )
LLC aka Swift Transportation Co. )
Inc.,                            )
                                 )
          Defendants             )
```

OPINION AND ORDER

This matter is before the court on the Third Motion for Leave to File Amended Answer and Affirmative Defenses [DE 40] filed by the defendants on May 27, 2011. For the following reasons, the motion is **GRANTED.**

Background

This matter arises from an automobile accident that occurred on April 19, 2010. The plaintiff, Worner O. Heath, Jr., filed a complaint with this court on April 27, 2010. After a series of extensions of time, the defendants, James M. Isenegger, II, Swift Transportation Co., Inc., and Swift Transportation Corporation, first filed a responsive pleading on June 16, 2010. A status conference was held on October 22, 2010, and the discovery deadline was set for May 31, 2011, although it later was extended

through September 15, 2011. The defendants subsequently were granted leave to amend their answer, and they filed their first amended answer on March 4, 2011. In the amended answer, the defendants raised a nonparty defense and identified Illinois Central School Bus, LLC and Ford Motor Company as nonparty defendants. The defendants requested leave to file a second amended answer, and on April 29, 2011, the court granted the defendants' request. The second amended answer did not identify the nonparty defendants. The defendants state that the omission of the nonparty defendants was due to an inadvertent scrivener's error, and on May 27, 2011, the defendants moved for leave to file a third amended answer, re-naming Illinois Central School Bus, LLC and Ford Motor Company as nonparty defendants. Heath objects to the defendants' third motion for leave to amend their answer, arguing that the motion is untimely and unfairly prejudicial.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." **Foman v. Davis**, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Circuit has recognized that because pleadings merely serves to put the

2

opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. ***Jackson v. Rockford Housing Authority***, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" ***Winters v. Fru-Con, Inc.***, 498 F.3d 734, 741 (7th Cir. 2007)(*quoting* ***Butts v. Aurora Health Care, Inc.***, 387 F.3d 921, 925 (7th Cir. 2004)); ***Ajayi v. Aramark Business Services***, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." ***Foman,*** 371 U.S. at 182, 83 S.Ct. at 230. A motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. ***Aldridge v. Forest River, Inc.,*** 635 F.3d 870, 875 (7th Cir. 2011); ***Winters***, 498 F.3d at 741. *See also* ***James v. McCaw Cellular Communications, Inc.,*** 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where motion filed almost 15 months after original complaint, ten months after joinder dead-

line, five months after deadline for amendments, and three weeks after defendant filed motion for summary judgment). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the pleading. *Butts*, 387 F.3d at 921. See also *NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957 (5th Cir. 1991) (holding that the court did not abuse its discretion in denying motion for leave to file second amended complaint where plaintiff sought to amend its pleading two years after it first brought defendant into litigation and after defendant had requested summary judgment, but plaintiff provided no good reason for not acting sooner).

Heath first objects that the defendants did not timely raise the non-party defense. A nonparty defense may be raised where the defendant asserts that the claimant's damage was caused in full or in part by a nonparty. Ind. Code §34-51-2-14. "Just as it may be considered 'unfair' to deprive the plaintiff of recovering the full amount of his or her damages due to the allocation of fault to a nonparty, it would be 'unfair' to require the defendant alone to bear the cost of the plaintiff's damages if he or she was not solely responsible for the injury." *Bulldog Battery Corporation v. Pica Investments, Inc.*, 736 N.E.2d 333, 338 (Ind. App. 2000). A defendant must assert a nonparty defense in his first answer if that nonparty defense is known prior to

filing of the first answer. Indiana Code §34-51-2-16; *Schultheis v. Franke*, 658 N.E.2d 932, 936 (Ind. App. 1995), trans. denied (1996). If "actual knowledge" of the defense is gained after the defendant has filed an answer, the defendant's motion to add the nonparty defense must demonstrate "reasonable promptness." Indiana Code §34-51-2-16.

If service of the complaint was made on the defendant more than 150 days before the expiration of the limitation of action regarding the nonparty, the nonparty defense must be plead no later than 45 days before that expiration. Indiana Code §34-51-2-16. The statute provides that the court "may alter these time limitations or make other suitable time limitations in any manner consistent with giving the defendant a reasonable opportunity to discover the existence of a nonparty defense." Indiana Code §34-51-2-16. *See also Schultheis*, 658 N.E.2d at 936. The "reasonable promptness" requirement refers to the period of time between service of the complaint on the defendant and the assertion of the nonparty defense, not the time between learning of the defense and asserting it. *Custer v. Schumacher Racing Corp.*, 2007 WL 2902047, *2 (S.D. Ind. August 14, 2007) (*citing Kelly v. Bennett*, 792 N.E.2d 584, 587 (Ind. App. 2003)). The purpose of the requirement to plead a nonparty defense with "reasonable promptness" would be "confounded if a defendant takes little action to

discover such a defense until a substantial delay has occurred." ***Kelly***, 792 N.E.2d at 587.

Heath does not argue that the defendants' motion conflicts with the statute of limitations. Rather, Heath argues that the nonparty defendants were not identified with reasonable promptness. In considering this argument, the court must examine the time from the initial complaint until the date the nonparties were named, an approximately 11 month time span. However, after a series of extensions of time to file an answer, discovery did not commence until October 22, 2010. It is during the discovery period that the court must expect the parties diligently to research and develop their positions. The defendants were prompt in identifying the nonparties after discovery commenced and moved to amend their answer within four months of beginning discovery. This is the type of reasonable promptness the statute contemplates.

However, it cannot be overlooked that the defendants were careless is preparing their second amended answer and inadvertently omitted the nonparty defendants. The defendants recognized this error and within 30 days moved to correct their answer for a third time, to re-name the parties. Heath was on notice from the first amended complaint of the nonparty defense, and the

6

defendants acted promptly, as the statute requires, to remedy their error.

Furthermore, the court should grant leave to amend pleadings upon a finding of good cause. Excusable neglect, such as a scrivener's error, is permissible cause to warrant granting leave to amend a pleading. *See **Industrial Hard Chrome, Ltd. v. Hetran, Inc.***, 64 F.Supp.2d 741, 747-48 (N.D. Ill. 1990) (granting leave to amend complaint due to scrivener's error). Although the court must weigh the movant's explanation against contentions of prejudice or surprise, Heath has not done more than make boilerplate objections of prejudice and has not shown the court how the 30 day delay between identifying the nonparty defendants would cause substantial prejudice.

Heath argues that if leave was granted, he would be forced to file a new complaint, naming Illinois Central School Bus and Ford Motor Company as parties, that discovery would be extended and would delay final disposition of the case, and that the discovery already completed would be rendered fruitless. Within the time the defendants identified the nonparty defendants, Heath did not take any initiative to amend the complaint and name the nonparties as parties to the suit. Because allowing the nonparties would not change the nature of the suit, it is not entirely clear why the discovery that already was completed would

7

be irrelevant, or why discovery would need to be extended a significant amount of time.  Discovery is currently open until September 15, 2011, and no trial date has been set.  This would allow all of the parties significant time to complete any discovery that has yet to be conducted.  Furthermore, Heath did not object to the defendants' initial motion to amend to add the non-parties, and he has not displayed how the 30 day lapse between identifying the parties would cause the significant prejudice that he now asserts.

Because the defendants acted promptly in first identifying the nonparties and moving to correct their error, the court finds that the inadvertent scrivener's error is excusable negligence and warrants leave to amend.  Beyond a boilerplate claim of prejudice, Heath has not shown how the 30 day lapse between identifying the nonparties would impose a significant hardship upon him.

_____

Based on the foregoing reasons, the Third Motion for Leave to File Amended Answer and Affirmative Defenses [DE 40] filed by the defendants on May 27, 2011, is **GRANTED.**

ENTERED this 28th day of June, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge