```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


WORNER O. HEATH, JR.,              )
                                   )
            Plaintiff              )
                                   )
            v.                     )  CIVIL NO. 2:10 cv 175
                                   )
JAMES M. ISENEGGER, II; SWIFT      )
TRANSPORTATION SERVICES LLC aka    )
Swift Transportation Corporation;  )
SWIFT TRANSPORTATION CO. ARIZONA   )
LLC aka Swift Transportation Co.   )
Inc.,                              )
                                   )
            Defendants             )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Order of Rule 35 Medical Examination of Plaintiff With Conditions [DE 43] filed by the defendants, James M. Isenegger, II, Swift Transportation Services, LLC, and Swift Transportation Co., Inc., on June 9, 2011. For the following reasons, the motion is **GRANTED.**

## Background

This matter arises from an automobile accident that occurred on April 19, 2010, in Merrillville, Indiana. The plaintiff, Worner O. Heath, Jr., filed his complaint on April 27, 2010, alleging that the defendant, James M. Isenegger, II, was acting as an agent of Swift Transportation Corporation and Swift Transportation Co., Inc. when he caused a collision with Heath's vehicle. Heath retained a physician, Dr. Mark A. Levin, to

perform a medical examination for the purpose of testifying about Heath's injuries at trial. The defendants requested that Heath voluntarily submit to an independent medical examine by an expert physician of their choosing pursuant to Federal Rule of Civil Procedure 35. Heath acquiesced, and the defendants scheduled Heath's medical examination with Dr. Matthew J. Ross on June 21, 2011.[1] The defendants' counsel sent e-mail correspondence to Heath's counsel advising of the arrangements for the independent medical examination. Heath's counsel confirmed that Heath would attend in mid-May. Shortly thereafter, on June 1, 2011, Heath's counsel informed the defendants that he intended to have the examination videotaped. The defendants' counsel contacted Dr. Ross to ask for his consent to the video recording, and Dr. Ross stated that he would not complete the examination if it was to be recorded. The parties conferred and could not reach an agreement on videotaping the examination. The defendants then filed this motion to compel Heath to undergo the medical examination without video recording.

## Discussion

Federal Rule of Civil Procedure 35(a) states "[t]he court where the action is pending may order a party whose mental or physical condition — including blood group — is in controversy to

---

[1] The parties were informed of the court's decision prior to the scheduled exam and told that a written order would be entered.

submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." A party seeking a Rule 35 medical examination not only must show that the party's medical condition is in controversy but also that good cause warrants the examination. *See* Rule 35 ("The order may be made only on motion for good cause shown."). *See also* **Schlagenhauf v. Holder**, 379 U.S. 104, 118-19, 85 S.Ct. 234, 242-43, 13 L.Ed.2d 152 (1964) ("Rule 35 . . . requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause.'"). Good cause under Rule 35 requires a greater showing of need than the relevancy already indicated by Rule 26(b) and can be gauged by the ability of the movant to obtain the desired information by other means. *See* **Schlagenhauf,** 379 U.S. at 118, 85 S.Ct. at 242-43.

The plaintiff may willingly submit to an independent medical examination. The plaintiff may take notes of the examination, however, even when he voluntarily submits, he does not have an absolute right to have the independent examination videotaped or recorded by an electronic device. **Newman v. Gaetz**, 2010 WL

3

4928868, *1 (N.D. Ill. Nov. 29, 2010); *Scheriff v. C.B. Fleet Co., Inc.*, 2008 WL 2434184, *1 (E.D. Wis. June 16, 2008) ("[I]n the normal course, medical examinations under Rule 35 are neither videotaped nor attended by third parties."). It is within the discretion of the court to allow recording of the examination. *Newman*, 2010 WL 4928868 at *1 (*citing Morrison v. Stephenson*, 244 F.R.D. 405, 406 (S.D. Ohio 2007)). Courts addressing this issue have weighed a variety of factors.

The court begins with a presumption that the "expert retained to conduct the examination is professional, independent and objective, as opposed to an agent or advocate for the side that retained him." *Scheriff*, 2008 WL 2434184 at *2 (considering, as one factor in denying leave to videotape a medical examination, that absence of any indicia of unfairness or reason to assume the examining doctor would take advantage of the plaintiff). In light of this presumption, medical examinations generally are not videotaped. *Newman*, 2010 WL 4928868 at *1 ("Under the 'normal procedure' there is no video camera or other recording device at the examination."). Videotaping may interfere with and disrupt the examination, and because the examining physician often will prepare his own notes and expert report, videotaping is normally unnecessary. *Newman*, 2010 WL 4928868 at *1-2. Courts also have taken into consideration an expert's

4

refusal to allow video taping of his examination. *Pizzuto v. Harison*, 2010 WL 672754, *2 (D. Idaho Feb. 20, 2010). Furthermore, when the plaintiff's physician's examination was not recorded, it may be unfair to permit videotaping of the defendant's physician's examination. *Scheriff*, 2008 WL 2434184 at *2 (citing *Favale v. Roman Catholic Dioceses of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006)). However, the court may order an independent medical examination to be videotaped upon a showing of good cause by the party to be examined. *Newman*, 2010 WL 4928868 at *1 ("In order to secure the presence of a video camera at a psychological examination, Petitioner is required to demonstrate good cause for such an order.").

To succeed in showing good cause, the party requesting the video recording must explain why the video recording is necessary. It is not sufficient to presume bias or to show that the examined party will have difficulty remembering or communicating what occurred at the examination to his attorneys. *Scheriff*, 2008 WL 2434184 at *3 (explaining that examination should not be recorded absent some indicia of unfairness or bias); *Newman*, 2010 WL 4928868 at *2. Rather, the examined party must show some indicia of unreliability or explanation why the examining physician's notes and report will be unreliable. *Newman*, 2010 WL 4928868 at *2; *Wheat v. Biesecker*, 125 F.R.D. 479, 480 (N.D. Ind.

5

1989)(explaining that absent a showing that the examining physician would not make a fair examination, the report required by Rule 35(b) was an adequate safeguard). *See also*, ***Schaeffer v. Sequoyah Trading & Transporation***, 2011 U.S. Dist. LEXIS 29058, *6-8 (D. Kan. March 21, 2011) (permitting a medical examination to be videotaped because the defendants presented evidence that the plaintiff may manipulate the examination).

The parties have agreed that the medical examination is necessary because Heath's injuries are at issue, but contest whether the independent medical examination should be videotaped. The court must begin its analysis by assuming that the expert physician the defendants selected is professional and independent. In light of this presumption and other safeguards ensuring reliability, videotaping is unnecessary. Heath has not submitted any explanation to controvert this presumption and to show why videotaping may be necessary. Nothing in the record suggests that the physician the defendants chose is unreliable or would not conduct a fair examination. Nor does the record reflect that Heath is of such limited ability that he could not relay the substance of the examination to his attorneys or that his abilities would make him susceptible to manipulation by the expert physician and unfairly aid the defendants' case. Absent an adequate reason for compelling videotaping of the medical exami-

nation, the court finds that the safeguards imposed by the federal rules and procedures of this court advocate against prejudice and that videotaping is unnecessary.

_____

Based on the foregoing, the Motion for Order of Rule 35 Medical Examination of Plaintiff With Conditions [DE 43] filed by the defendants, James M. Isenegger, II, Swift Transportation Services, LLC, and Swift Transportation Co., Inc., on June 9, 2011, is **GRANTED**. Heath is **ORDERED** to submit to the independent medical examination with Dr. Matthew J. Ross and is not permitted to videotape or otherwise electronically record the examination.

ENTERED this 1st day of July, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge